# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ALLENTOWN WOMEN'S CENTER, INC.,**
PO Box 20227
Lehigh Valley, PA 18002-0227

      Plaintiff,

v.

**JOHN DUNKLE**

and

**ANTHONY J. SULPIZIO**

and

**MARK MICHAEL BOGUNOVICH**

and

**JOHN DOE Nos. 1-5,**
      Defendants.

Civil Action No.: _____

## COMPLAINT

Plaintiff Allentown Women's Center, Inc. ("AWC"), by and through its undersigned counsel, alleges and asserts against Defendants John Dunkle ("Dunkle"), Anthony J. Sulpizio ("Sulpizio"), Mark Michael Bogunovich ("Bogunovich"), and John Doe Nos. 1-5 ("John Does") as follows:

## INTRODUCTION

1.     This is an action for injunctive relief, statutory damages, punitive damages, reasonable attorney's and expert witness fees and costs, and for such other relief as justice requires, pursuant to the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248 ("FACE" or the "Act"), and to supplemental state law claims of trespass, private nuisance, public nuisance and conspiracy.

2.      In bringing this action, AWC, located in the Lehigh Valley, has reasonable cause to believe: (1) Defendant Sulpizio has used force and physical obstruction to intentionally injure, intimidate and interfere with persons seeking or providing reproductive health services at AWC in violation of the FACE Act; (2) Defendant Bogunovich has used physical obstruction to intentionally injure, intimidate and interfere with persons seeking or providing reproductive health services at AWC in violation of the FACE Act; (3) Defendant Dunkle has unlawfully trespassed on AWC property in an attempt to intentionally intimidate and interfere with persons seeking or providing reproductive health services at AWC; (4) Defendants have committed and are likely to continue to commit these violations, which also constitute public and private nuisances and conspiracy; and (5) various persons have been, are being, and will continue to be injured by Defendants' conduct because they have sought or do seek, have provided and/or do provide reproductive health services at AWC.

## PARTIES

3.      AWC is a duly organized corporation that provides exceptional reproductive health services in a safe and compassionate environment for people throughout the Lehigh Valley and surrounding communities.

4.      AWC is organized under the laws of the Commonwealth of Pennsylvania and is authorized and registered to conduct business in the Commonwealth. AWC is located in Hanover Township, Northampton County, in the Commonwealth of Pennsylvania ("Clinic").

5.      Defendant John Dunkle is an adult individual who, since the 1990s, has been intentionally and regularly engaging in obstructive, intimidating, hazardous, threatening and harassing activity at or near AWC, at its current or former location, and at the residence of a doctor who provides medical services to patients of AWC (hereafter referred to as "Dr. Roe," a pseudonym).  Dunkle is an anti-abortion extremist and advocate of the Justifiable Homicide of

2

reproductive health care providers, and, in November 2007, the United States District Court for the Eastern District of Pennsylvania found that Dunkle violated the FACE Act after he posted death threats against a former Executive Director of AWC and a number of doctors on his blog, openly espousing the use of deadly force against abortion providers.

6.      Defendant Anthony J. Sulpizio is an adult individual who, since at least 2011, has been intentionally and regularly engaging in obstructive, intimidating, hazardous, threatening and harassing activity at or near AWC's Clinic and, with Dunkle, engages in such activity at the residence of Dr. Roe.

7.      Defendant Mark Michael Bogunovich is an adult individual who, since at least 2016, intentionally and regularly engages in obstructive, intimidating, hazardous and harassing activity at or near AWC's Clinic, at times in collaboration with Sulpizio.

8.      The obstructive, intimidating, hazardous and harassing activity of Dunkle, Sulpizio and Bogunovich has been escalating over time, instilling a growing fear in persons who have sought or do seek, have provided and/or do provide reproductive health services at AWC.

9.      Defendants John Doe Nos. 1 – 5 ("John Doe") are fictitious names for defendants unknown to Plaintiff who act in concert with Sulpizio, Bogunovich and/or Dunkle to perpetuate unlawful conduct described in this action.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

11.      The state law claims asserted in this Complaint are so related to and intertwined with the claim arising under federal law that the state law claims form part of the same case or controversy as the claim under federal law. Thus, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12.     This Court has personal jurisdiction over Dunkle. Dunkle is an adult individual domiciled in the Commonwealth of Pennsylvania and/or present in Pennsylvania at the time that the Complaint is served upon him.

13.     This Court has personal jurisdiction over Sulpizio. Sulpizio is an adult individual domiciled in the Commonwealth of Pennsylvania and/or present in Pennsylvania at the time that the Complaint is served upon him.

14.     This Court has personal jurisdiction over Bogunovich. Bogunovich is an adult individual domiciled in the Commonwealth of Pennsylvania and/or present in Pennsylvania at the time that the Complaint is served upon him.

15.     Venue lies in this district pursuant to 28 U.S.C. § 1391 because all Defendants reside in this Commonwealth, the actions giving rise to the claims set forth in this Complaint occurred in this judicial district, and the Defendants are subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

### AWC Provides Essential Medical Services for the Community

16.     AWC provides high quality, affordable and compassionate reproductive health care where no patient is judged for their choice and where every patient is given the freedom to make their own decisions about their health care.

17.     AWC provides services including, but not limited to, medical care, surgical care, and all options counseling related to pregnancy and/or the termination of a pregnancy, and abortion procedures.

18.     The Clinic is housed on the tract of real property located at the southeast corner of the intersection of South Commerce Way and Courtney Street, in Hanover Township, Northampton County, in the Commonwealth of Pennsylvania ("the Property"), and one driveway

connects the parking lot on the Property to South Commerce Way while another driveway connects the parking lot on the Property to Courtney Street.

19.     AWC employs trained professionals to provide reproductive health care services at the Clinic, including but not limited to doctors, nurses, counselors, and technicians.

20.     AWC employs trained professionals and utilizes trained volunteers to ensure the safe functioning of its Clinic. AWC offers its patients the option of being escorted by trained volunteers from their cars to the Clinic entrance. Most patients choose to be escorted when protestors are present.

**Dunkle Has a History of Using Unlawful Conduct, including Defiant Trespass, to Intimidate, Threaten, Obstruct and Interfere with Reproductive Health Care Providers and Patients and His Unlawful Conduct Persists**

21.     In 1994, Dunkle was arrested with other members of an anti-choice extremist group, the Lambs of Christ, for physically blockading a Rochester, New York clinic, and he and others were collectively fined $20,000 and ordered to stay away from the clinic.

22.     Dunkle also is and/or has been associated with the Army of God, an extremist anti-choice group that advocates for violence against reproductive health clinics and their staff.

23.     In November 2007, the United States District Court for the Eastern District of Pennsylvania found that Dunkle violated the FACE Act after he posted death threats against a former Executive Director of AWC and a number of doctors on his blog, openly espousing the use of deadly force against abortion providers.  The Court ordered Dunkle not to publish messages from his web blog that threaten reproductive health care physicians, staff or patients or that disclose the names, addresses, or photos of reproductive health care physicians, staff or patients with the intent to threaten them or anyone else with physical bodily harm or death, thus preventing them from obtaining or providing reproductive health services.  Gonzales v. Dunkle, Civ. Action No. 07-3577 (E.D. Pa. November 8, 2007).

24.    In late 2007 or early 2008, Dunkle sent Dr. Roe's neighbors letters warning Dr. Roe to get a different job and threatening to speak with Dr. Roe's neighbors and with members of his neighborhood association – and even comparing the neighbors to "Nazi sympathizers."

25.    Shortly after the letter was sent, Dunkle began protesting against Dr. Roe from the sidewalk of the perimeter of Dr. Roe's residence.

26.    Dunkle continues this intimidating and harassing activity to this day, occasionally with Sulpizio joining him, and Dunkle generally protests at Dr. Roe's residence every third Sunday of the month.  Dr. Roe's wife and children are subjected to this behavior, and have expressed anxiety and a feeling of intimidation.  When Dunkle protests, Dr. Roe's family has avoided the front entrance to their home and going to the part of the property where Dunkle protests.

27.    Over the years, Dunkle has continued his web blog at http://skyp1.blogspot.com, with titles such as "Stop Killing Young People" and "Contraception is Murder."  He posted as recently as 2014, and his blog spot contains the following statements, among others:

> I've been opposing the legal killing of the young since 1970 (I lived then in NY). I was among the small group of prolifers who, finally, resorted to force to protect those being tortured to death. That movement was known as Operation Rescue and it lasted approximately from 1987 to 1993 when the authorities got tough and we got scared. Unless I have the support of others, I am afraid to act on my belief that only the use of force will once again protect the victims.
>
> * * *
>
> Because I believe we should examine every legitimate means, including force, in our attempt to protect children from being tortured to death, I want to hear from people who've been forceful and from those who defend them. I'd also like to hear from those who oppose the prolife use of force and call it violence.

28.     Dunkle has continued to engage in anti-abortion activities that are designed to force reproductive health clinic employees and volunteers targeted by him to fear for their lives and to cease providing reproductive health services.

29.     In January 2016, Dunkle was found guilty of defiant trespass for unlawfully entering AWC property, and his conviction was confirmed on appeal in May 2016. Commonwealth v. Dunkle, Case No. NT-0255-2015 (Mag. Dist. J. 03-01-04) & CP-48-SA-0037-2016 (Ct. Com. Pleas Northampton Cty. May 25, 2016).

30.     In a separate case in June 2016, Dunkle pled guilty to defiant trespass for again unlawfully entering AWC property. Commonwealth v. Dunkle, Case No. NT-0232-2016 (Mag. Dist. J. 03-01-04 June 16, 2016).

31.     Most recently, on February 23, 2019, Dunkle trespassed at least 15 times in one day on AWC property, and the Colonial Regional Police Department was called.  This brazen behavior indicates that Dunkle is escalating his efforts to intimidate and harass persons seeking or providing reproductive health services at AWC, causing AWC staff and escorts to fear for their safety and the safety of AWC patients.

**Sulpizio Has a History of Using Unlawful Conduct to Intimidate, Obstruct and Interfere with Reproductive Health Care Providers and Patients**

32.     On January 22, 1992, the United States District Court for the Eastern District of Pennsylvania held Sulpizio in civil contempt of court. Ne. Women's Ctr., Inc. v. McMonagle, Civ. Action. No. 85-4845, 1992 WL 13031 (E.D. Pa. Jan. 22, 1992).

33.     This Court held Sulpizio in contempt because it found that Sulpizio "participated in protest activities" with others at the Northeast Women's Center in Philadelphia and "was on the property [housing the Northeast Women's Center] for purposes relating to protesting at the [Northeast Women's Center]" and that Sulpizio's "aggressive actions" towards two escorts at the

7

Northeast Women's Center "were intentional and purposeful and constituted an assault, battery, harassment, and intimidation," all in violation of a permanent injunction against such activities. Ne. Women's Ctr., Inc., 1992 WL 13031 at *5-6.

34.     As the Court found in January 1992, Sulpizio works in concert with anti-abortion groups, organizations, and individuals to protest and intimidate staff, volunteers, patients, and visitors at clinics that provide, among other services, women's health and reproductive services. See id.

35.     Sulpizio has continued to intentionally engage in conduct designed to target, intimidate, obstruct, interfere with, threaten, assault, intimidate and terrorize reproductive health clinic employees, volunteers and patients in order to place them in fear for their lives and safety, and to force them to cease providing or seeking reproductive health services.

**Sulpizio Engages in the Use of Force to Intimidate, Obstruct, Interfere with and Assault Reproductive Health Care Providers and Patients**

36.     On April 15, 2017, Sulpizio walked from the curb into the middle of the driveway at the Clinic while holding a clipboard and appearing to be an official employee just as a young woman attempted to pull into the driveway.

37.     The woman attempting to pull into the driveway on April 15, 2017 was a patient seeking reproductive health services at AWC.

38.     The woman attempting to pull into the driveway was confronted by Sulpizio and she stopped her car. As escorts moved to approach the car, Sulpizio stepped in front of one escort (hereinafter referred to by the pseudonym "Escort Stiles") and attempted to physically block Escort Stiles from approaching the car.

39.     As Escort Stiles attempted to lean close to the car window to instruct the driver to pull into the parking lot, Sulpizio shoved Escort Stiles away from the window and physically

8

blocked Escort Stiles from approaching the car window. After Escort Stiles regained his balance, Sulpizio continued to physically block Escort Stiles from reaching the vehicle.

40.    As Escort Stiles approached the car window for the second time, Sulpizio hit Escort Stiles in the forehead, causing Escort Stiles' hat to fall off his head.

41.    Sulpizio's actions on April 15, 2017 constituted the intentional use of force and the attempted use of force to intimidate, interfere with, and obstruct Escort Stiles from providing access to reproductive health care as a clinic volunteer.  Moreover, Sulpizio's actions intentionally intimidated AWC staff and volunteer escorts (collectively, "AWC personnel") by demonstrating Sulpizio was willing to use physical force to prevent people from obtaining or providing reproductive health services at AWC.

42.    On July 7, 2017, Sulpizio was convicted of a violation of 18 Pa. C.S. § 2709(a)(1) (harassment/subject another to physical contact) by Magisterial District Judge James Narlesky in Northampton County, Pennsylvania, Docket No. MJ-03104-NT-0000140-2017, for his actions on April 15, 2017, when Sulpizio physically harassed Escort Stiles.

43.    Sulpizio appealed his July 7, 2017 conviction to the Court of Common Pleas of Northampton County.

44.    On October 18, 2017, Sulpizio was convicted of a violation of 18 Pa. C.S. § 2709(a)(1) by Court of Common Pleas Judge Kimberly McFadden based on his April 15, 2017 actions in physically harassing Escort Stiles.

### Sulpizio Engages in Physical Obstruction to Intimidate and Interfere with AWC Personnel, Patients and Escorts

45.    Sulpizio intentionally physically obstructs ingress and egress from the Clinic.

46.    Sulpizio intentionally makes ingress to and egress from the Clinic unreasonably difficult and hazardous.

9

47.     For instance, on many occasions when AWC employees enter or leave the Clinic through the driveway that leads to the street, Sulpizio will walk right up to their car—inches from the driver side window—and scream at AWC personnel to deliberately harass, intimidate, threaten and terrorize them.

48.     Sulpizio often purposefully walks slowly and methodically in front of vehicles that are attempting to enter the driveway, forcing the vehicles to stop, anywhere from a few seconds to more than one minute, while Sulpizio yells and screams at the driver as part of a pattern of conduct intended to threaten, intimidate, interfere with and obstruct individuals and their vehicles as they try to access the Clinic.

49.     Sulpizio's behavior startles drivers and creates a safety hazard. For instance, some drivers fear getting into an accident with Sulpizio because Sulpizio comes within inches of their cars.

50.     On some days, Sulpizio will set up orange colored cones on the driveway, intentionally making the path where cars can drive in smaller and narrower so that he can more easily intimidate, harass, interfere with and obstruct individuals and drivers attempting to access the Clinic and its parking lot.

51.     AWC volunteers who escort patients from the Clinic parking lot into the Clinic for medical services usually wear brightly colored vests so that they can be easily identified.

52.     On some days, Sulpizio will hold a clipboard with the letters "ACW" on it and wear a bright-colored vest in an attempt to confuse, harass, mislead, obstruct and interfere with visitors and trick them into believing that he is an employee of AWC or a volunteer associated with AWC.

10

**Sulpizio Continually Intimidates and Attempts to Interfere With AWC Staff, Patients,
Visitors and Even Passersby**

53.     In addition to the above conduct, Sulpizio utilizes a variety of tactics to frequently

threaten, intimidate, and harass—or attempt to threaten, intimidate, or harass—AWC personnel

working at the Clinic and patients visiting the Clinic for reproductive health care services.

54.     Sulpizio mocks, taunts, threatens, harasses and intimidates AWC personnel in

order to frighten, bully and terrorize them out of continuing to provide constitutionally protected

reproductive health care services by calling them names, including but not limited to, "Baby

killer," "lesbian sodomite," "whore," and "bitch" and making statements such as "how many

people do you give blow jobs to," and "L,B,T, all deviants."

55.     When Sulpizio regularly sees another AWC employee (hereafter referred to by the

pseudonym "Employee No. 1") enter the Clinic parking lot and walk towards the Clinic, Sulpizio

will yell and scream at Employee No. 1 that Employee No. 1 is a "fag" or "faggot" or "sodomite."

56.     During one incident in August 2018 with Employee No. 1, Sulpizio was standing

in the driveway to the Clinic and, as Employee No. 1 was driving past Sulpizio, Sulpizio punched

the right fender of Employee No. 1's car.

57.     During another incident in 2018 with Employee No. 1, Sulpizio threatened

Employee No. 1, screaming, "You know you can be killed for being a faggot," as Employee No. 1

walked towards the Clinic from the parking lot.

58.     This statement by Sulpizio was a direct threat on the life of Employee No. 1 and

was calculated to cause Employee No. 1 to fear that Sulpizio would harm or kill Employee No. 1

or cause others to physically harm or kill Employee No. 1.

59.     Sulpizio's threat and tactics blocking the entrance/exit to the Clinic have caused

Employee No. 1 to become fearful of going to work, not knowing what Sulpizio may do.  He has

experienced anxiety, pounding in his head, and heat flushes. Employee No. 1 also has become hyper aware of his surroundings – both at work and at home – and regularly keeps his dog with him as a safety measure when he walks outside of his home.

60.     Sulpizio has shouted to Nurse Executive Doe (a pseudonym), "you should watch how you drive.  You're a bad driver."

61.     Such conduct is intimidating to Nurse Executive Doe and she fears that Sulpizio may purposefully make contact with her car to cause an accident and then blame her for hitting him.

62.     Moreover, on November 17, 2018, Sulpizio said to Nurse Executive Doe, "Your life is not as valuable as the lives of the babies."

63.     Nurse Executive Doe felt Sulpizio's November 17, 2018 statement was a threat on her life, and reported it to the Colonial Regional Police Department.

64.     Sulpizio's conduct has caused Nurse Executive Doe to experience concentration problems, sleep difficulties, an upset stomach and anxiety.  She now looks over her shoulder more regularly out of fear of bodily harm by Sulpizio and takes a different route home from work. Moreover, Sulpizio's conduct makes it more difficult for her to focus her attention on her myriad of job duties.

65.     Sulpizio also threatens AWC volunteers.  For instance, on March 31, 2018, while Escort Stiles was escorting a patient to her Lyft ride, Sulpizio yelled at Escort Stiles, "Don't touch me, [Escort Stiles' first name], or I will kick your ass."

66.     Escort Stiles was about 30 feet from where Sulpizio was standing when Sulpizio made this threat and Escort Stiles made no moves or comments that could reasonably have put Sulpizio in fear of Escort Stiles touching him.

67.     Sulpizio also threatened and intimidated Escort Stiles with the following: "You never know what people are going to do to you.  You never know what could happen."

68.     Sulpizio further has made explicit and violent threats against Escort Stiles stating Escort Stiles should be orally and anally raped.

69.     As a result of Sulpizio's escalating, threatening conduct, Escort Stiles fears for the safety of escorts, patients and staff at AWC.

70.     Sulpizio recently made the following threatening and intimidating statements to or in front of Escort Smith (a pseudonym):

    a.    November 17, 2018:  After referring to Escort Smith's laugh for months as having a "hee haw sound," Sulpizio stated to Escort Smith: "The guy from Hee Haw died this week. You know that [Escort Smith]?" Sulpizio then stared silently at Escort Smith.

    b.    January 26, 2019:  Sulpizio stated directly to Escort Smith, "Your parents should have killed you."

    c.    February 23, 2019:  Sulpizio stated to a patient, "Your child deserves to live [directed at patient] while this woman doesn't [pointing to Escort Smith]."

71.     These veiled death threats against Escort Smith have caused her to fear for her life and have made her increasingly anxious of her surroundings.

72.     On some days, Sulpizio will drive by the Clinic slowly in an attempt to scare or scream at AWC personnel.

73.     Sulpizio further provokes and threatens AWC personnel by recording their license plate numbers and/or creating the perception that he is doing so and by photographing AWC personnel in their cars.

74.     For those who Sulpizio believes are patients or visitors to the Clinic, he will attempt to intimidate or shame them from seeking health services at AWC, including making comments such as "you risk a perforated uterus" or "you risk a perforated rectum."

75.     Sulpizio also taunted, intimidated, threatened and harassed AWC employee Dr. Roe by, upon information and belief, speaking to him in German and associating Dr. Roe with Josef Mengele, a Nazi officer who performed deadly human experiments on victims of the Holocaust during World War II.

76.     Sulpizio has acquired and intentionally used personal information about Dr. Roe, including his wife's name and the names of his children, to taunt, harass and intimidate Dr. Roe, causing him to fear for his family's safety.  Sulpizio has screamed at Dr. Roe, "Are your children [names] proud of their father for killing all those babies?"  When making this statement, Sulpizio specifically mentioned the names of Dr. Roe's children.

77.     On November 7, 2018, Sulpizio threatened Dr. Roe by screaming repeatedly, "You know you are going to hell, right?" This escalation in aggression and hostility is intended to, and has, caused Dr. Roe to fear for his own life.

78.     Sulpizio also has compared Dr. Roe to Kermit Gosnell, a former physician who was convicted of murder and other crimes, by stating, "You think because your place is prettier and cleaner, you're not Gosnell? You're worse than Gosnell." He also has called Dr. Roe "the Gosnell of the Lehigh Valley."

79.     On several occasions, Sulpizio, along with John Dunkle and/or others, has targeted the family home and neighborhood of Dr. Roe to threaten and intimidate Dr. Roe and his family, to try to force Dr. Roe to cease providing reproductive health services.

80.     Sulpizio's conduct has intimidated Dr. Roe, and caused him anxiety, heart palpitations and sleep difficulties.

81.     All of above conduct indicates to Dr. Roe, Nurse Executive Doe, Employee No. 1, and the escorts and staff of AWC that Sulpizio's harassing, obstructive and hazardous conduct is

escalating, instilling fear in them that Sulpizio will physically harm them, patients and/or visitors to the Clinic.

**Bogunovich Works in Concert with Sulpizio to Harass, Obstruct, Intimidate and Attempt to Interfere with AWC Personnel's Provision of and Patients' Access to Reproductive Health Services**

82.     Bogunovich works in concert with Sulpizio when Bogunovich visits the Clinic to protest.

83.     On occasion, Bogunovich (much like Sulpizio) will slowly walk across the driveway leading into the Clinic parking lot regardless of oncoming cars, and sometimes lunge toward the moving cars, making access to and from AWC unreasonably difficult and hazardous.

84.     On or about August 30, 2018, the Colonial Regional Police Department responded to multiple patients, visitors and staff complaining that Sulpizio and Bogunovich were together blocking the driveway, at times putting their hands up to get vehicles to stop.  Bogunovich even stopped a car in the street, before it reached the Clinic driveway, and was intentionally moving toward the car as it alternated between backing up and going forwards in an attempt to enter the Clinic driveway.

85.     On or about the weekend of September 21-23, 2018, Bogunovich, along with Sulpizio and others, confronted Dr. Roe by distributing a leaflet at Dr. Roe's home and surrounding neighborhood and calling on the public to target Dr. Roe.

86.     The leaflet features photographs of Kermit Gosnell and AWC employee Dr. Roe under the heading "What's the Difference Between these 2 Abortionists?" ("Gosnell/Dr. Roe Leaflet"). The leaflet states that Gosnell, a former doctor, is serving a life sentence, without parole, in prison for committing actual murder while Dr. Roe "is still *on the loose…*" (Emphasis in original). The leaflet further directs readers to tell Dr. Roe to "Stop Killing Preborn Children!" and provides Dr. Roe's home address.

87.     Moreover, Sulpizio has enlarged the leaflet onto a large poster board and, on some days, usually Tuesdays and Wednesdays, holds it outside the Clinic, at or near the intersection of South Commerce Way and a driveway into the Clinic.

88.     Indeed, Dr. Roe felt threatened, intimidated and feared for his and his family's safety based in part on the Gosnell leaflet.

89.     Furthermore, Bogunovich intentionally has taunted and threatened Escort Smith, stating that Escort Smith is going to die soon.  This comment has instilled fear in Escort Smith that the threats from Bogunovich and Sulpizio are escalating, and could result in physical harm to Escort Smith or others.

## COUNT I
## FACE ACT VIOLATIONS
### (Against Defendant Sulpizio)

90.     Plaintiff re-incorporates and re-alleges all of the preceding factual allegations as if fully set forth herein.

91.     Sulpizio's conduct alleged in this Complaint constitutes use of force and/or physical obstruction which interfered with one or more persons *seeking* reproductive health services at AWC.

92.     Sulpizio's conduct alleged in this Complaint constitutes a use of force and/or physical obstruction which interfered with one or more persons *providing* reproductive health services at AWC.

93.     Sulpizio's conduct alleged in this Complaint constitutes a use of force and/or physical obstruction which intimidated or attempted to intimidate one or more persons *seeking* reproductive health services at AWC.

94.     Sulpizio's conduct alleged in this Complaint constitutes a use of force and/or physical obstruction which intimidated or attempted to intimidate one or more persons *providing* reproductive health services at AWC.

95.     Sulpizio's conduct is ongoing and pervasive and continues to interfere with, intimidate, or attempt to interfere or intimidate with one or more persons who seek or will seek reproductive health services at AWC.

96.     Sulpizio's conduct is ongoing and pervasive and continues to interfere with, intimidate, or attempt to interfere or intimidate with one or more persons who provide or will provide or assist in providing reproductive health services at AWC.

97.     Sulpizio's conduct alleged in this Complaint is targeted against Nurse Executive Doe, Employee No. 1,  Dr. Roe, other AWC personnel, patients at AWC, and others because those individuals are or were obtaining or providing (or seeking to obtain or to provide) reproductive health services at AWC.

98.     Sulpizio's conduct alleged in this Complaint constitutes multiple violations of the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248.

99.     On information and belief, Sulpizio will continue to engage in illegal conduct, including but not limited to the conduct asserted in this Complaint, unless and until he is restrained by this Court.

WHEREFORE, Plaintiff AWC requests judgment in its favor and against Defendant Anthony Sulpizio in the form of:

A.     Preliminary and permanent injunctions prohibiting Sulpizio, along with his representatives, agents, employees and any others acting in concert or

17

participation with him, from engaging in any further violations of the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248;

B.    Preliminary and permanent injunctions prohibiting Sulpizio, along with his representatives, agents, employees and any others acting in concert or participation with him, from engaging in the use of force and/or physical obstruction against staff, volunteers, patients, or visitors to AWC's Clinic located at 31 South Commerce Way in Hanover Township, Northampton County, in the Commonwealth of Pennsylvania;

C.    Preliminary and permanent injunctions prohibiting Sulpizio, along with his representatives, agents, employees and any others acting in concert or participation with him, from standing in, walking across, or traversing around any of the driveway entrances of the AWC Clinic located at 31 South Commerce Way in Hanover Township, Northampton County, in the Commonwealth of Pennsylvania, or from coming within a buffer zone of 25 feet extending from any of the AWC Clinic's driveway entrances onto the public right of way, for the period of time of AWC's operating hours (as posted on their website) and for two hours prior to and two hours after those operating hours;

D.    Preliminary and permanent injunctions prohibiting Sulpizio, along with his representatives, agents, employees and any others acting in concert or participation with him, from entering onto the private property of or belonging to AWC at or near 31 South Commerce Way in Hanover Township, Northampton County, in the Commonwealth of Pennsylvania;

E.      Statutory damages in the amount of $5,000.00 for each and every violation of the

        FACE Act Sulpizio has committed;

F.      Punitive damages;

G.      The costs of suit, reasonable attorney's fees and expert witness fees, if any,

        attributable to the prosecution of this action;

H.      An Order authorizing any local, state or federal law enforcement agency to

        enforce the preliminary injunction, and permanent injunction against Defendant

        Sulpizio and any representatives, agents, employees or any others acting in

        concert or participation with Defendant Sulpizio; and

I.      Any and such further relief as justice requires.

### COUNT II
### FACE ACT VIOLATIONS
### (Against Defendant Bogunovich)

100.    Plaintiff re-incorporates and re-alleges all of the preceding factual allegations as if
fully set forth herein.

101.    Bogunovich's conduct alleged in this Complaint constitutes physical obstruction
which interfered with one or more persons *seeking* reproductive health services at AWC.

102.    Bogunovich's conduct alleged in this Complaint constitutes physical obstruction
which interfered with one or more persons *providing* reproductive health services at AWC.

103.    Bogunovich's conduct alleged in this Complaint constitutes physical obstruction
which intimidated or attempted to intimidate one or more persons *seeking* reproductive health
services at AWC.

104.    Bogunovich's conduct alleged in this Complaint constitutes physical obstruction
which intimidated or attempted to intimidate one or more persons *providing* reproductive health
services at AWC.

105.     Bogunovich's conduct is ongoing and pervasive and continues to interfere with, intimidate, or attempt to interfere or intimidate with one or more persons who seek or will seek reproductive health services at AWC.

106.     Bogunovich's conduct is ongoing and pervasive and continues to interfere with, intimidate, or attempt to interfere or intimidate with one or more persons who provide or will provide or assist in providing reproductive health services at AWC.

107.     Bogunovich's conduct alleged in this Complaint is targeted against Nurse Executive Doe, Employee No. 1,  Dr. Roe, other AWC personnel, patients of AWC, and others because those individuals are or were obtaining or providing (or seeking to obtain or to provide) reproductive health services at AWC.

108.     Bogunovich's conduct alleged in this Complaint constitutes multiple violations of the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248.

109.     On information and belief, Bogunovich will continue to engage in illegal conduct, including but not limited to the conduct asserted in this Complaint, unless and until he is restrained by this Court.

WHEREFORE, Plaintiff AWC requests judgment in its favor and against Defendant Mark Michael Bogunovich in the form of:

A.     Preliminary and permanent injunctions prohibiting Bogunovich, along with his representatives, agents, employees and any others acting in concert or participation with him, from engaging in any further violations of the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248;

B.     Preliminary and permanent injunctions prohibiting Bogunovich, along with his representatives, agents, employees and any others acting in concert or

participation with him, from engaging in the use of force and/or physical obstruction against staff, volunteers, patients, or visitors to AWC's Clinic located at 31 South Commerce Way in Hanover Township, Northampton County, in the Commonwealth of Pennsylvania;

C.     Preliminary and permanent injunctions prohibiting Bogunovich, along with his representatives, agents, employees and any others acting in concert or participation with him, from standing in, walking across, or traversing around any of the driveway entrances of the AWC Clinic located at 31 South Commerce Way in Hanover Township, Northampton County, in the Commonwealth of Pennsylvania, or from coming within a buffer zone of 25 feet extending from any of the AWC Clinic's driveway entrances onto the public right of way, for the period of time of AWC's operating hours (as posted on their website) and for two hours prior to and two hours after those operating hours;

D.     Preliminary and permanent injunctions prohibiting Bogunovich, along with his representatives, agents, employees and any others acting in concert or participation with him, from entering onto the private property of or belonging to AWC at or near 31 South Commerce Way in Hanover Township, Northampton County, in the Commonwealth of Pennsylvania;

E.     Statutory damages in the amount of $5,000.00 for each and every violation of the FACE Act Sulpizio has committed;

F.     Punitive damages;

G.     The costs of suit, reasonable attorney's fees and expert witness fees, if any, attributable to the prosecution of this action;

H.     An Order authorizing any local, state or federal law enforcement agency to enforce the preliminary injunction, and permanent injunction against Defendant Bogunovich and any representatives, agents, employees or any others acting in concert or participation with Defendant Bogunovich; and

I.      Any and such further relief as justice requires.

## COUNT III
## TRESPASSING
### (Against Dunkle)

110.    Plaintiff re-incorporates and re-alleges all of the preceding factual allegations as if fully set forth herein.

111.    AWC has the right to the exclusive use and possession of the Clinic.

112.    AWC has the right to use, possess, and keep clear the driveways that connect the Clinic and the parking lot on the Property to the public right-of-ways on South Commerce Way and Courtney Street.

113.    The Property and the driveways are marked with "No Trespassing" signs to provide sufficient notice to the public of the property lines.

114.    Dunkle knows where the public right-of-way ends and where the private property line begins.  Indeed, in 2016 he was convicted twice for trespass on AWC property.

115.    On February 23, 2019, Dunkle trespassed at least 15 times in one day on AWC property, and the Colonial Regional Police Department was called.

116.    By his intentional and unprivileged crossing onto the driveway on the Property, which is private land, Dunkle has trespassed against AWC.

WHEREFORE, Plaintiff AWC requests judgment in its favor and against Defendant John Dunkle in the form of:

A.   Preliminary and permanent injunctions prohibiting Dunkle, along with his representatives, agents, employees and any others acting in concert or participation with him, from entering onto the private property of or belonging to AWC at or near 31 South Commerce Way in Hanover Township, Northampton County, in the Commonwealth of Pennsylvania;

B.   Compensatory and/or punitive damages;

C.   An Order authorizing any local, state or federal law enforcement agency to enforce the preliminary injunction, and permanent injunction against Defendant Dunkle, and any representatives, agents, employees or any others acting in concert or participation with Defendant Dunkle; and

D.   Any and such further relief as justice requires.

**COUNT IV**
**PRIVATE NUISANCE**
**(Against All Defendants)**

117.   Plaintiff re-incorporates and re-alleges all of the preceding factual allegations as if fully set forth herein.

118.   AWC is entitled to the private use and enjoyment of its Clinic and the Property.

119.   By the conduct alleged in this Complaint, Defendants have intentionally and unreasonably denied to AWC the private use and enjoyment of the Clinic and the Property.

120.   The harm caused by the conduct of Defendants alleged in this Complaint outweighs any benefit or utility of their conduct.

121.   The harm caused by the conduct of Defendants alleged in this Complaint is significant, serious, outrageous and unreasonable.

122.   The harm caused by the conduct of Defendants alleged in this Complaint can and should be addressed with appropriate remedies to stop the unlawful conduct.

WHEREFORE, Plaintiff AWC requests judgment in its favor and against Defendants in the form of:

A.   Preliminary and permanent injunctions prohibiting Defendants, along with their representatives, agents, employees and any others acting in concert or participation with them, from interfering with AWC's right to the private use and enjoyment of the Clinic and the Property;

B.   Compensatory and/or punitive damages;

C.   An Order authorizing any local, state or federal law enforcement agency to enforce the preliminary injunction, and permanent injunction against Defendants, and any representatives, agents, employees or any others acting in concert or participation with Defendants; and

D.   Any and such further relief as justice requires.

### COUNT V
### PUBLIC NUISANCE
**(Against All Defendants)**

123.   Plaintiff re-incorporates and re-alleges all of the preceding factual allegations as if fully set forth herein.

124.   By the conduct alleged in this Complaint, Defendants have intentionally and unreasonably denied to the members of the general public their right to obtain medical services at AWC in a quiet, calm, and respectful environment.

125.   The harm caused by the conduct of Defendants alleged in this Complaint intentionally and repeatedly creates and has created a public safety hazard that affects the community at large and not just AWC.

126.   The harm caused by the conduct of Defendants alleged in this Complaint is significant, serious, outrageous and unreasonable.

24

127.    The harm caused by the conduct of Defendants alleged in this Complaint interferes with the public peace and poses a threat to the public safety and public health and welfare, especially to public access to constitutionally protected reproductive health care services.

WHEREFORE, Plaintiff requests judgment in their favor and against Defendants in the form of:

A.    Preliminary and permanent injunctions prohibiting Defendants, along with their representatives, agents, employees and any others acting in concert or participation with them, from interfering with the right of the public to the use and enjoyment of the Clinic and the Property;

B.    Compensatory and/or punitive damages;

C.    An Order authorizing any local, state or federal law enforcement agency to enforce the preliminary injunction, and permanent injunction against Defendants, and any representatives, agents, employees or any others acting in concert or participation with Defendants; and

D.    Any and such further relief as justice requires.

## COUNT VI
## CIVIL CONSPIRACY
### (Against All Defendants)

128.    Plaintiff re-incorporates and re-alleges all of the preceding factual allegations as if fully set forth herein.

129.    Dunkle, Sulpizio and Bogunovich, along with John Does, have acted and continue to act with a common purpose to commit unlawful acts and/or to commit lawful acts by unlawful means or for an unlawful purpose.

130.    Through the conduct alleged in this Complaint and otherwise, Dunkle has committed at least one (1) overt act in furtherance of the common purpose and conspiracy alleged in this Complaint.

131.    Through the conduct alleged in this Complaint and otherwise, Sulpizio has committed at least one (1) overt act in furtherance of the common purpose and conspiracy alleged in this Complaint.

132.    Through the conduct alleged in this Complaint and otherwise, Bogunovich has committed at least one (1) overt act in furtherance of the common purpose and conspiracy alleged in this Complaint.

133.    Plaintiff has suffered damages due to the unlawful conspiracy engaged in by Defendants.

WHEREFORE, Plaintiff requests judgment in their favor and against Defendants in the form of:

A.    Preliminary and permanent injunctions prohibiting Defendants, along with their representatives, agents, employees and any others acting in concert or participation with them, from conspiring among themselves or with others to interfere with AWC's right to the private use and enjoyment of the Clinic and the Property;

B.    Compensatory and/or punitive damages;

C.    An Order authorizing any local, state or federal law enforcement agency to enforce the preliminary injunction, and permanent injunction against Defendants, and any representatives, agents, employees or any others acting in concert or participation with Defendants; and

D.    Any and such further relief as justice requires.

Respectfully submitted,

WOMEN'S LAW PROJECT

_Susan Frietsche_

Susan Frietsche (PA 65240)
Women's Law Project
428 Forbes Avenue Suite 1710
Pittsburgh PA 15219
Phone: 412-281-2892
Amal Bass (PA 202954)
Women's Law Project
125 S. 9th Street, Suite 300
Philadelphia, PA 19107
Phone: 215-928-5772
sfrietsche@womenslawproject.org
abass@womenslawproject.org


COZEN O'CONNOR

_Debra S. Friedman_

Debra S. Friedman (PA 65511)
Jason A. Cabrera (PA 315804)
1650 Market Street, Suite 2800
Philadelphia PA 19103
Phone: 215-665-2000
dfriedman@cozen.com
jcabrera@cozen.com


_David S. Cohen_

David S. Cohen (PA 88811)
3320 Market St., Suite 232
Philadelphia, PA  19104
(215) 571-4714
Dsc39@drexel.edu

*Attorneys for Plaintiff Allentown Women's
Center*