# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLENTOWN WOMEN'S CENTER, INC.** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **No. 5:19-cv-01571-CFK** |
| | : | |
| **JOHN DUNKLE,** | : | |
| *et al.,* | : | |
| *Defendants.* | : | |

## MEMORANDUM

This is an action for injunctive and monetary relief based on alleged violations of the Freedom of Access to Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248, and of the supplemental state law claims of trespass, private nuisance, public nuisance and conspiracy. As the Complaint does not allege a violation by Defendant John Dunkle ("Dunkle") of the FACE Act, this Court considers *sua sponte* whether it has supplemental jurisdiction over the state law claims alleged against Dunkle. Plaintiff has argued that the state law claims of trespass, private nuisance, public nuisance, and conspiracy are sufficiently intertwined with the alleged FACE Act violations by Defendants Anthony J. Sulpizio ("Sulpizio") and Mark Michael Bogunovich ("Bogunovich") such that these claims may be tried together in federal court. For the reasons set forth below, the Court concludes that it lacks subject matter and supplemental jurisdiction over the state law claims alleged against Defendant John Dunkle.

1

## I. BACKGROUND

Allentown Women's Clinic ("AWC") alleges Defendants Sulpizio and Bogunovich committed FACE Act violations (Counts I and II) during their protestations at Plaintiff's facilities. ECF No. 1 at 16-22. Plaintiff alleges Defendant Dunkle committed trespass (Count III) on AWC's property. *Id.* at ¶ 115. Plaintiff alleges that all three defendants engaged in private nuisance, public nuisance, and civil conspiracy (Counts IV, V and VI). ECF No. 1 at 23-26.

The Complaint alleges Sulpizio and Dunkle have a long history of anti-abortion activism and protestation. *Id.* at 7-16. The Complaint further alleges Bogunovich has on more than one occasion protested with Sulpizio at AWC. *Id.* at ¶ 82-89. Plaintiff alleges in the Complaint that, on April 15, 2017, Sulpizio used force to intimidate hospital staff during a protest at AWC and was convicted under 18 Pa. C.S. § 2709 (a)(1). *Id.* at ¶ 42. Since his conviction, the Complaint alleges Sulpizio continues to verbally harass staff members and patients during protests at AWC. *Id.* at 11-14. The Complaint alleges Sulpizio obtained the personal information of an AWC doctor and, along with Bogunovich, harassed and threatened the doctor at his personal residence. *Id.* at ¶ 85-89. The Complaint alleges, on August 30, 2018, Sulpizio and Bogunovich blocked the driveway of AWC, stopping patients, visitors and staff from entering the clinic. *Id.* at ¶ 84.

2

The Complaint also alleges Dunkle has a long history of anti-abortion activism. *Id.* at 5-7. The Complaint alleges Dunkle has been arrested multiple times during protests, is affiliated with extremist anti-abortion groups, and maintains a personal web blog concerning anti-abortion activism. *Id.* The Complaint alleges details of Dunkle's history of anti-abortion activism and protestation, including describing Dunkle's anti-abortion writing samples from his blog and details of his past arrests for trespassing on AWC's property. *Id.* at ¶ 21-30. The Complaint alleges Dunkle trespassed "at least 15 times in one day" on Plaintiff's property on February 23, 2019. *Id.* at ¶ 31. The Complaint alleges that "Dunkle knows where the public right-of-way ends and where the private property line begins" and cites Dunkle's former arrests on Plaintiff's property to support this statement. *Id.* at ¶ 114.

Plaintiff claims that Sulpizio and Bogunovich have violated numerous sections of the FACE Act by harassing employees and patients and blocking access to the clinic. *Id.* at 16-22. Plaintiff claims all Defendants engaged in behavior that fulfills the elements of private nuisance, public nuisance, and conspiracy. *Id.* at 23-26. Additionally, Plaintiff points to Dunkle's history of anti-abortion activism, his past arrests for trespassing on AWC property, and his most recent alleged trespasses on February 23, 2019 to support its claims of trespass, private nuisance, and public nuisance against Dunkle. *Id.* at ¶ 110, 117, 123. Plaintiff points to the

3

same factual allegations against Dunkle to support its civil conspiracy claim and states, "Dunkle, Sulpizio and Bogunovich . . . have acted and continue to act with a common purpose to commit unlawful acts and/or commit lawful acts by unlawful means or for an unlawful purpose." *Id.* at ¶ 129.

## II. STANDARD

"A federal court always has jurisdiction to determine its jurisdiction." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). "[C]ourts are obligated to raise jurisdictional issues *sua sponte* if not raised by the parties." *United States v. Kalb*, 891 F. 3d 455, 459 (3d Cir. 2018)). "If a federal court determines at any stage of a civil action that it lacks subject matter jurisdiction, it generally must dismiss the matter." *Aetna Life Ins. Co. v. Found. Surgery Affiliates, LLC*, 358 F. Supp. 3d 426, 432 (E.D. Pa. 2018); *see also Zambelli*, 592 F.3d at 420 ("Under this Court's continuing obligation to assess its subject matter jurisdiction, we can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding.") (*citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir.1977)).

## III. DISCUSSION

### A. **Subject Matter Jurisdiction**

Plaintiff purports to have "subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331." ECF No. 1 at ¶ 10. Under 28 U.S.C. § 1331, a claim may be heard in federal court when the claim "aris[es] under the Constitution, law or treaties of the United States." 28 U.S.C. § 1331. Therefore, federal courts have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 when plaintiffs plead "a cause of action created by federal law." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). A state law claim may be heard in federal court when it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

Plaintiff alleges Sulpizio and Bogunovich violated the FACE Act (Counts I and II) based on their conduct during protests at the AWC. ECF. No. 1 at 16-22. Plaintiff alleges that Dunkle trespassed on AWC property (Count III) on February 23, 2019. *Id.* at ¶ 115. Plaintiff claims that Sulpizio, Bogunovich, and Dunkle committed private and public nuisance and were engaged in a civil conspiracy (Counts IV, V and VI) based on their actions at AWC. Plaintiff does not allege that Dunkle violated the FACE Act in any way.

To the extent Plaintiff argues that the conspiracy claim against Dunkle would allow the Court to retain jurisdiction over the claims against Dunkle, Plaintiff alleges that Dunkle conspired with Sulpizio and Bogunovich but offers no explanation or details of the alleged conspiracy. ECF No. 1 at ¶ 129. There are no facts demonstrating Dunkle communicated with or knew Sulpizio and Bogunovich. The date of Dunkle's alleged trespasses, February 23, 2019, is mentioned only one other time in the Complaint in reference to an unrelated statement made by Sulpizio. *Id.* at ¶ 70. The Complaint states, "[t]hrough the conduct alleged . . . Dunkle has committed at least one (1) overt act in furtherance of the common purpose and conspiracy alleged in this Complaint." *Id.* at ¶ 130. There are no facts in the Complaint that suggest Dunkle conspired with Sulpizio and Bogunovich in the furtherance of any violation of federal law.

Therefore, the trespass, private nuisance, public nuisance, and conspiracy claims are governed by state law. This Court does not have subject matter jurisdiction over these claims brought against Dunkle under 28 U.S.C. § 1331 because there is no question of federal law.[1]

---

[1] In the "Jurisdiction and Venue" section of the Complaint Plaintiff states "this Court has subject matter jurisdiction over this action pursuant to §§. . . 1343." ECF No. 1 at ¶ 10. Federal courts have original subject matter jurisdiction for civil claims related to alleged deprivation of any right or privilege of a citizen of the United States by another individual. 28 U.S.C. § 1343 (a) (1). This federal statute does not allow this Court to exercise jurisdiction over Dunkle's alleged trespasses, private and public nuisance claims and conspiracy claims because there are no facts connecting these claims to a deprivation of any right of another.

B. **Supplemental Jurisdiction**

Plaintiff argued that this Court has supplemental jurisdiction over the trespass, private nuisance, public nuisance, and conspiracy claims that are governed by state law. ECF No. 1 at ¶ 11. Federal courts may hear state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367 (a). For state law claims to be heard in federal court with federal claims they must "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). "[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Id.*

Plaintiff asserts in the Complaint that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 because "the state law claims asserted in this Complaint are so related to and intertwined with the claim arising under federal law that the state law claims form part of the same case or controversy as the claim under federal law." ECF No. 1 at ¶ 11. During a May 15, 2019 Rule to Show Cause Hearing, Plaintiff argued this Court should retain supplemental jurisdiction over the state law claims alleged against Dunkle because "the core operative facts here all relate to the same type of behavior that is conducted at the same facility in

the same time period by all of these individuals." ECF. No. 39 at 7. To support its argument, Plaintiff first cited *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998) to state the standard for when state law claims should be heard with federal law claims. ECF No. 39 at 8-10. Plaintiff next pointed to *Kuhns v. City of Allentown*, 636 F. Supp. 2d 418 (E.D. Pa. 2009) to argue that the Court should exercise supplemental jurisdiction over state law claims that are intertwined with federal law claims. *Id.* at 10.

In *Kuhns*, the court determined that a public nuisance claim for putting up a large tarp and blocking traffic in order to deter protesters was significantly related to and intertwined with the alleged civil rights and first amendment violations by Defendant which raised the federal question. *Kuhns*, 636 F. Supp. 2d at 421. In contrast, the state law claims of alleged trespass, private nuisance, public nuisance, and conspiracy against Dunkle are completely independent of any alleged federal law violations by Sulpizio and Bogunovich. Plaintiff has not alleged that Sulpizio and Bogunovich were present at the AWC while Dunkle allegedly trespassed. There is nothing connecting the claims against Dunkle for trespass, private nuisance, public nuisance, and conspiracy with Sulpizio and Bogunovich's alleged violations of the FACE Act besides that they occurred in the same physical location. This Court, therefore, concludes that it does not have supplemental jurisdiction over the alleged state law claims against Dunkle because they are not

"so related to claims" that have original jurisdiction nor do they "derive from a common nucleus of operative fact." *See supra* at 7.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes *sua sponte* that it lacks subject matter and supplemental jurisdiction over the state law claims of trespass (Count III), private nuisance (Count IV), public nuisance (Count V), and conspiracy (Count VI) alleged against Defendant John Dunkle. These claims are therefore dismissed as against Defendant John Dunkle. An appropriate order will follow.

BY THE COURT:

___6-10-2019___
DATE

_____
CHAD F. KENNEY, JUDGE